# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2011

No. 10-20730
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT CHACON,

Plaintiff-Appellant

v.

DEPUTY MR. YORK; SERGEANT J. PATTON; SERGEANT Z. MOORE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3431

Before HIGGINBOTHAM, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert Chacon, Texas prisoner # 1550395, filed this 42 U.S.C. § 1983 action against Deputy York, Sergeant Patton, and Sergeant Moore, all Harris County Sheriff's Deputies working at the Harris County Jail, alleging an incident of excessive use of force. The district court granted the defendants' motion for summary judgment. The district court also denied Chacon's motion to vacate, alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely "notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). A notice of appeal in a civil case is required to be filed within 30 days of the date of entry of the judgment. FED. R. APP. P. 4(a). If a party has filed a timely Rule 59(e) motion within 28 days after the entry of judgment, the time to appeal runs from the entry of the order denying such motion. FED. R. APP. P. 4(a)(4)(A).

The motion to vacate, alter, or amend the judgment was entered in the record on August 30, 2010, but Chacon mailed it on August 25, 2010. Under the prison mailbox rule, the motion is deemed to have been filed on the date it was submitted to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270-76 (1988). Chacon's motion to alter or amend the judgment was timely filed and suspended the time to file a notice of appeal. In his notice of appeal entered in the record on October 25, 2010, Chacon stated that he was appealing "from an order to deny Petitioner's Motion to Vacate Final Judgment, to Alter Judgment and to Amend Final Judgment entered in this action on the 28th day of September, 2010." Although Chacon indicated that he intended to appeal the order denying his motion to vacate or to alter and amend the judgment, because the motion challenged the underlying judgment on the merits, the notice of appeal may be considered a notice of appeal for the entire case. *See Fletcher v. Apfel*, 210 F.3d 510, 511-12 (5th Cir. 2000); *see also In re Blast Energy Services*, 593 F.3d 418, 424 & n.3 (5th Cir. 2010) (reviewing underlying judgment where intent to appeal entire case was implied and there was no prejudice because parties briefed the issue which was the basis for both district court orders). The issue of the propriety of summary judgment in this case was the subject of the district court's original opinion and the Rule 59(e) motion, it is apparent that Chacon intended to appeal the merits of the underlying judgment, and the appellees have not argued any prejudice in preparing their brief due to any

confusion in Chacon's statement in his notice of appeal. Thus, we have jurisdiction to review the underlying judgment.

Chacon argues that the district court committed reversible error in granting the motion for summary judgment. He contends that the district court made a credibility determination, ignored genuine issues of material fact that were in dispute, and did not properly view the facts in the light most favorable to the non-moving party. He argues that the defendants were not entitled to summary judgment because the parties presented two vastly different stories. He notes that he and York agree that on January 8, 2008, York escorted him from the clinic and returned him to the clinic with a laceration above the right eye. He contends that what happened in the elevator is in dispute and that the credibility determination is for a jury, not the judge. He identifies several genuine issues of material fact, including whether Deputy York punched him in the right eye with a closed fist, and whether he, Chacon, was causing a disturbance in the elevator.

Summary judgment is proper under Rule 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011). If the moving party meets the initial burden of showing that there is no genuine dispute of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); FED. R. CIV. P. 56(c); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). The nonmoving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir.2004). The trial court may not weigh the evidence or make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This court reviews a grant of summary judgment de novo. *Freeman*, 369 F.3d at 859.

By declaration made under penalty of perjury, Chacon asserted that Deputy York used unnecessary force against him without provocation and that he suffered a laceration above his right eyelid requiring at least one stitch and a staple. Viewing these allegations in the light most favorable to Chacon, Chacon has stated a claim for violation of a constitutional right under *Hudson v. McMillian*, 503 U.S. 1 (1992). *See Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999) ("[A] correctional officer's use of excessive physical force against a prisoner may in an appropriate setting constitute cruel and unusual punishment of the prisoner, contrary to the Eighth Amendment."). Analyzing the objective reasonableness of York's conduct, the parties offer conflicting evidence concerning the circumstances surrounding their altercation. The resolution of whether or not York used unreasonable force under the circumstances is dependent on a fact-sensitive inquiry and credibility determination. Chacon is correct that the district court improperly credited York's version of the events. York concedes in his motion for summary judgment that if Chacon's allegations were true, which York denies, the district court could find a genuine issue of material fact with regard to Chacon's alleged use of excessive force. Because it is not possible to conclude as a matter of law, considering the evidence in the light most favorable to Chacon, that York acted in an objectively reasonable manner—which would entitle him to qualified immunity—the district court erred in granting the motion for summary judgment for York on the excessive force claim. *See Gomez*, 163 F.3d at 924-25 (5th Cir. 1999) (vacating and remanding grant of summary judgment on excessive force claim where prisoner alleged an unprovoked attack by prison guards without provocation while his hands were handcuffed behind his back).

Contrary to York's argument, Chacon's allegations, made under penalty of perjury pursuant to 28 U.S.C. § 1746 in his declaration, were not conclusory and were competent summary judgment evidence. *See Gomez*, 163 F.3d at 922. His allegations in his more definite statement, also made under penalty of

perjury and verified to be true and correct, are also competent summary judgment evidence. *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (stating that allegations in verified complaint were competent summary judgment evidence and created a genuine issue of material fact).

As to Chacon's excessive force claim against Deputy York, we VACATE the summary judgment and REMAND that claim for further proceedings consistent with this opinion.

York and Patton argue that Chacon has abandoned his other claims by failing to brief them. Appellees are correct that Chacon does not brief a medical care claim on appeal, nor does he brief his claim against Patton for using undue influence to make him sign the resolution of grievance form. Chacon's brief is based solely on his excessive use of force claim. Thus, Chacon has abandoned all other claims, and their dismissal is AFFIRMED. *See Gomez*, 163 F.3d at 921.

AFFIRMED in part; VACATED and REMANDED in part.