**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 13, 2012

No. 11-60737

Lyle W. Cayce
Clerk

ROSEMARY WOLFE, Individually, as sole statutory wrongful death
beneficiary and as Administratrix of the Estate of Billy Wolfe,

Plaintiff - Appellant

v.

LABMD, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:08-CV-168

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rosemary Wolfe ("Mrs. Wolfe") appeals the district court's summary
judgment on her claim against LABMD, Incorporated (the "Lab") and the court's
order awarding a portion of the Lab's attorney's fees against her and her
attorneys. We DISMISS in part and AFFIRM in part.

1. *Facts.* Mrs. Wolfe's husband, Billy Wolfe ("Mr. Wolfe"), visited Dr.
Rayford, a doctor at Southeast Urology Network, P.C. ("SUN"), complaining of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## No. 11-60737

blood in his urine. Dr. Rayford took various samples from Mr. Wolfe and sent them to the Lab for testing. One such test found the presence of cancerous cells. The Lab sent a report to that effect to SUN. Dr. Rayford never reviewed the report and, thus, misdiagnosed Mr. Wolfe, whose cancer treatment was thus delayed. Ultimately, Mr. Wolfe tragically passed away from cancer, and this case, begun as a medical malpractice case with a living patient, became a wrongful death action.

2. *Proceedings.* The Lab moved for summary judgment, contending that it properly transmitted accurate test results and, therefore, was not negligent and did not cause injury to Mr. Wolfe. The Lab also sought attorney's fees under Section 11-55-5 of the Mississippi Code which allows attorneys fees when a claim is "without substantial justification" or "interposed for delay or harassment." The district court granted summary judgment to the Lab but deferred the question of attorneys fees. However, because Dr. Rayford and SUN remained in the case, this judgment was interlocutory. It became final on February 4, 2011 when a judgment dismissing Dr. Rayford and SUN pursuant to a settlement agreement was entered. No appeal or timely motion for new trial was filed.[1] Thereafter, the district court entered an order partially granting the Lab's motion for attorney's fees. Mrs. Wolfe timely appealed that order.

---

[1] Mrs. Wolfe also filed a "motion for clarification" on March 28, 2011 which was ruled upon on September 30, 2011. Because the "motion for clarification" was filed more than 28 days after the final judgment, it cannot "count" as a motion that would extend the time for filing an appeal. *See* FED. R. APP. P. 4(a)(4) (extending the time to file an appeal from the date the district court disposes of a motion "to alter or amend the judgment under Rule 59 [which must be filed no later than 28 days after the entry of judgment, *see* FED. R. CIV. P. 59(e)]," or "for relief under Rule 60 if the motion was filed *no later than 28 days* after the judgment is entered"); *see also Chacon v. York*, 434 F. App'x 330, 331 (5th Cir. 2011) (per curiam) (unpublished) ("If a party has filed a timely Rule 59(e) motion within 28 days after the entry of judgment, the time to appeal runs from the entry of the order denying such motion.").

No. 11-60737

3. *Summary Judgment Appeal.* We dismiss this appeal for want of jurisdiction to the extent it attempts to appeal the grant of summary judgment to the Lab. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988).[2] The presence of an outstanding claim for attorneys' fees does not alter the finality of a judgment otherwise disposing of all parties and issues. *Id.* at 200-02. Thus, Mrs. Wolfe's September 30, 2011 appeal of a May 2010 judgment made final by a February 2011 judgment is untimely.

4. *Attorney's Fees.* Turning to the issue of attorney's fees, the standard of review is abuse of discretion. *See Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003). While different judges may have viewed these facts differently, we conclude that no abuse of discretion is shown. To the contrary, the district court carefully assessed fees only from the date of the SUN representative's deposition where he admitted that SUN had received the accurate results showing the cancerous cells. The district court's conclusion that further prosecution of the case against the Lab was "without substantial justification" at that point is a reasonable one. *McBride v. Meridian Pub. Improvement Corp.*, 730 So. 2d 548, 554-55 (Miss. 1998) (affirming a sanctions award under this statute where the plaintiff failed to perform any pre-suit investigation or to voluntarily dismiss the suit once it was discovered that the claims lacked merit). We conclude that the district court did not reversibly err in its award of attorney's fees.[3]

DISMISSED in part; AFFIRMED in part.

---

[2] Mrs. Wolfe did timely appeal the order regarding her "motion for clarification." However, we perceive no error in the district court's conclusion that it had earlier entered a final judgment as to the Lab, so we affirm this ruling.

[3] The fees were awarded against both Mrs. Wolfe and her attorneys. She makes no argument that even if the fees were justified against her attorneys, they should not have been assessed against her, so we express no opinion on that point.