# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2012

Lyle W. Cayce
Clerk

No. 11-51141
Summary Calendar

In the matter of: CRESCENT RESOURCE, L.L.C.,

Debtor

R. PERRY OVERSTREET; GEORGE RANDALL,

Appellants

v.

JOINT FACILITIES MANAGEMENT, L.L.C.,

Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No: 1:11-cv-00298-SS

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

R. Perry Overstreet and George Randall (together, the "Appellants") appeal the district court's orders (1) affirming the bankruptcy court's dismissal of their claims against Joint Facilities Management ("JFM") and (2) denying

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51141

their subsequent motion seeking to alter or amend the judgment. We lack jurisdiction to hear the appeal from the district court's order affirming the bankruptcy court and affirm the district court's order denying reconsideration.

## FACTS AND PROCEEDINGS

In 1998, Rim Golf signed a ninety-nine year net ground lease with FP Real Estate One, LLC to pay rent for its use of certain tracts of land in Gila County, Arizona. Two years later, Appellant Overstreet sold back his interest in FP Real Estate One, LLC to the company in exchange for its right to receive rent under the lease. Six years after that, Rim Golf assigned its tenant rights under the lease to Appellee JFM, while FP Real Estate One, LLC assigned its remaining rights as landlord to JFM, as well. These transactions made JFM both landlord and tenant under the lease, although Overstreet retained the right to collect rent from it. JFM paid rent for three years before, acting on behalf of itself as both landlord and tenant, terminating the lease in 2009.

The day after terminating the lease, JFM filed for bankruptcy. It listed the lease in its schedule of unexpired leases. Overstreet made unsecured claims for his right to receive rent under the lease and served on the Committee of Unsecured Creditors during bankruptcy proceedings. Within a year, the bankruptcy court confirmed JFM's Chapter 11 plan.

Eight months later, Appellants sought revocation of the order confirming the plan.[1] They claimed that, notwithstanding their representations during the bankruptcy proceedings, their right to receive rent from the tenant was secured by the land owned by the landlord. They further argued that JFM's failure to list this interest as a secured obligation during bankruptcy proceedings was a

---

[1] We echo the district court's perplexity: "Although it is not important to the resolution of this appeal, the Court notes it has no idea who Appellant Randall is, or how he is in any way related to this case. There does not appear to be any specific mention of Randall's role in any of the relevant events and, apart from some vague general statements about 'plaintiffs' in Appellants' complaint, his interest in this case is a mystery."

No. 11-51141

fraud on that court, requiring the court to set aside the plan or find that their interest was not disposed of by the plan.

JFM filed a motion to dismiss in bankruptcy court, arguing, among other things, that Overstreet's participation in the bankruptcy proceedings negated any inference of fraud, the claims against it were equitably moot, and Appellants' right to receive rent was unsecured as a matter of law.  After a hearing, the bankruptcy court granted JFM's motion to dismiss.  It rejected Appellants' fraud claim, finding that Overstreet actively participated in the bankruptcy proceedings and  had actual knowledge that JFM was treating his interest as unsecured in those proceedings.  It concluded that Appellants' interest was extinguished by the plan and their claim was equitably moot.  Deciding the case on these bases, it did not reach the issue of whether Appellants' rights were unsecured as a matter of law.

Appellants sought review in the district court.  The court affirmed the bankruptcy court, ruling that its factual findings were not clearly erroneous and its conclusions of law were correct based on these facts.  It went on to decide that Appellants' claim was unsecured as a matter of law.  After reviewing the relevant Arizona legal precedents, it concluded that "Appellants have failed to provide any convincing legal or logical support for their position that an assignment of the right to receive rent payments creates a security interest in the real property generating the rent.  Accordingly, the Court finds their debt was unsecured."

After unsuccessfully seeking post-judgment relief through a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), Appellants filed their notice of appeal to this court.

## DISCUSSION

Appellants argue that JFM deprived them of their security interest in JFM's real property during bankruptcy proceedings.  They also contend that the

district court erred in denying their motion seeking to alter or amend its judgment affirming the bankruptcy court. Fed. R. Civ. P. 59(e). JFM responds that Appellants' notice of appeal of the order affirming the bankruptcy court was untimely and that the motion to alter or amend the judgment was properly denied.

*Standard of Review*

On appeal, we review questions of fact for clear error. *Davis Oil Co. v. Mills*, 873 F.2d 774, 777 (5th Cir. 1989). We review the denial of a motion to alter or amend the judgment under Rule 59(e) for abuse of discretion. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

*Timeliness of Appeal*

Generally, a notice of appeal must be filed within 30 days after the entry of the judgment or order being appealed. Fed. R. App. P. 4(a). This requirement is jurisdictional; courts are without authority to make exceptions to it. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Rule 4(a)(4), however, provides that certain post-judgment motions extend the time for filing a notice of appeal until 30 days after the order disposing of such a motion. A timely Rule 59(e) motion filed within 28 days of a final judgment will extend this window for filing a notice of appeal. *Chacon v. York*, 434 F. App'x 330, 331 (5th Cir. 2011). An untimely Rule 59(e) motion, on the other hand, will not toll the notice of appeal period, even if the district court addressed the late-filed motion on the merits. *See Browder v. Dir., Dep't. of Corr. of Ill.*, 434 U.S. 257, 262, 264-65 (1978) (concluding that it had no jurisdiction to review the underlying order in such circumstances); *Lizardo v. United States*, 619 F.3d 273, 278 (3d Cir. 2010)*; Garcia-Velazquez v. Frito Lay Snacks Caribbean*, 358 F.3d 6, 11 (1st Cir. 2004); *see also Camacho v. City of Yonkers*, 236 F.3d 112, 116-17 (2d Cir. 2000) (disclaiming the opposing view taken in an earlier case, *City of Hartford v. Chase*, 942 F.2d 130, 134 (2d Cir. 1991), and limiting that case to its facts).

No. 11-51141

Appellants filed a notice of appeal on November 12, 2012, within 30 days of the order denying this motion to alter or amend the judgment but 44 days after the underlying order affirming the bankruptcy court. The timeliness of Appellants' notice of appeal depends on whether their Rule 59(e) motion was timely.

According to the district court, Appellants' motion to alter or amend the judgment was filed 29 days after the court entered its judgment. This finding is not clearly erroneous. Although the district court declined to make a "definitive" determination of timeliness, the motion was untimely and the period for filing a notice of appeal ran from the entry of the order affirming the bankruptcy court rather than from the order denying Appellants' motion for reconsideration. Because Appellants' notice of appeal was untimely with respect to entry of the order affirming the bankruptcy court, we have no jurisdiction to review that underlying order.

*Denial of Motion to Alter or Amend the Judgment*

The district court's denial of Appellants' Rule 59(e) motion, on the other hand, is properly before us. Rule 59(e)'s deadline is court-fashioned and thus non-jurisdictional. *See United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007) ("[The Supreme Court in *Bowles*] drew a distinction between statutory time requirements and court-fashioned time requirements, finding that only the former could be properly characterized as 'jurisdictional.'"); *see also Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 474 (6th Cir. 2007) (concluding "that the time limits set by Rules 6 and 59(e) constitute an affirmative defense to an untimely Rule 59(e) motion, which the party opposing the motion is capable of forfeiting"). By not challenging the motion's timeliness, JFM waived this objection to the motion itself.

After reviewing the district court's resolution of this motion, we hold that the district court did not abuse its discretion in denying Appellants' request.

No. 11-51141

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Although Appellants reordered their arguments in their Rule 59(e) motion, they are essentially the same allegations made in their initial brief to the district court: (1) they possess a security interest in JFM's property (the land of the landlord stands as a security for the payment of rent by the tenant); (2) JFM committed fraud upon the court; (3) their participation in the Chapter 11 proceedings did not excuse JFM's fraud; (4) their claim is not equitably moot; (5) their lien passed through the Chapter 11 proceedings.  They produce no new evidence to support these arguments, nor do they establish any manifest legal or factual error.  Thus, the district court noted the proper standard and did not abuse its discretion in concluding that the Appellants did not meet it.

## CONCLUSION

For the reasons given above, Appellants' appeal of the district court's order affirming the bankruptcy court is dismissed as untimely and the district court's denial of Appellants' motion seeking to alter or amend the judgment is affirmed.