# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20020
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2013

Lyle W. Cayce
Clerk

FELIBERTO RAMIREZ, SR.; ISRAEL GARZA; ANITA RAMIREZ GARZA; ALICIA RAMIREZ,

Plaintiffs-Appellants

LEONARDO RAMIREZ, SR.; ANITA C. RAMIREZ,

Appellants

v.

MARVIN ISGUR, Trial Judge; DEMETRIOS DAURTE, Esquire; MICHAEL B. SCHMIDT, Trustee; KEVIN HANNA, Esquire; HERIBERTO MEDRANO, Esquire; BALDEMAR CANO, Esquire; ALBERT VILLEGAS, Defense Attorney,

Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-cv-01246

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20020

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). Pursuant to 28 U.S.C. §2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(B), the notice of appeal in a civil case where a United States employee (such as Judge Isgur here) is a party must be filed within sixty days of the entry of judgment. The final order was September 19, 2013. The appeal was filed on January 7, 2013. Although Appellants filed a Rule 59(e) motion, they did not do so within 28 days as required by Rule 59(e); extensions of time to file Rule 59(e) motions are not permitted. Fed. R. Civ. Pro. 6. Thus, their Rule 59(e) motion did not extend the time for appeal. *See In re Crescent Resources*, 496 F. App'x 421, 423-24 (5th Cir. 2012)(unpublished); *Lizardo v. United States*, 619 F.3d 273 (3d Cir. 2010). We DISMISS the appeal, to the extent it seeks to appeal the underlying September 19 orders.[1]

The appeal is timely as to the order denying the motion to reconsider. *Crescent*, 496 F. App'x at 424. The rambling notice of appeal does not specifically mention the December 5, 2012, order and, thus, is deficient. *Bailey v. Cain*, 609 F.3d 763, 766-67 (5th Cir. 2010)(notice of appeal must specifically reference the judgment or order from which an appeal is taken). Even if, with the benefit of liberal construction, we could view the notice of appeal as encompassing the December 5 order, Appellants wholly fail to brief any relevant considerations underlying the court's December 5 order. Even pro se

---

[1]  Heriberto Medrano does not appear to have been served and never made an appearance. Although he was not specifically mentioned in the September 19, 2012 orders, the orders clearly evince an intent to dismiss the entire case by stating that "this civil action is dismissed with prejudice." Further, the presence of an unserved defendant at the time of dismissal of all other defendants does not preclude us from asserting appellate jurisdiction over the dismissed claims. *Nagle v. Lee*, 807 F.2d 435, 438 ("[S]ince no service was obtained on [the defendant], nor did it make an appearance in the district court, [that defendant] never became a party to the plaintiff's suit.")  We thus conclude that the September 19 orders were final for purposes of appeal. We also note that Appellants' efforts to add additional parties to this appeal who were not parties to the district court proceeding are unavailing.

No. 13-20020

briefs must make relevant arguments and cite relevant authorities. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Appellants fail to do so, so we deem their contentions abandoned. *Id.* Accordingly, we AFFIRM the district court's denial of Rule 59(e) relief.

DISMISSED IN PART; AFFIRMED IN PART.