# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30775
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2016

Lyle W. Cayce
Clerk

TREVOR CHARLES; JENNIFER CHARLES,

      Plaintiffs - Appellants

v.

THOMAS LEE ATKINSON; CONSOLIDATED FABRICATIONS
CONSTRUCTION, INCORPORATED; AMERISURE INSURANCE
COMPANY,

      Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). The parties purport to invoke this court's jurisdiction under 28 U.S.C. § 1291, under which the federal courts of appeals "have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A final decision requires the district court to either dispose of all parties and all claims or otherwise expressly permit an appeal under Federal Rule of Civil Procedure 54(b). *DK Joint Venture 1 v. Weyand*, 649 F.3d 310, 319 (5th Cir.

2011).  The order from which Plaintiffs Trevor and Jennifer Charles appealed did not dispose of all parties (nor did it reference Rule 54(b) in form or substance).  Plaintiffs allege they were injured in a vehicle collision with Thomas Lee Atkinson who was an employee of Consolidated Fabrications Construction, Inc. ("CFC").  The district court granted summary judgment in favor of Defendants CFC and its insurer, Amerisure Insurance Company ("Amerisure").  Atkinson, however, remains in the litigation.

"[T]he failure to dispose of unserved, nonappearing defendants does not prevent a judgment from being final and appealable." *Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1471 (5th Cir. 1990).  In concluding that a party named in the litigation is not a party for purposes of appellate jurisdiction, we have required both non-service and non-appearance.  In other words, absent Rule 54(b) certification, *either* service *or* appearance by a named party will defeat appellate jurisdiction under § 1291 if the claims involving that party are not addressed in the final judgment or prior order.  *See, e.g., Nagle v. Lee*, 807 F.2d 435, 438 (5th Cir. 1987) ("[S]ince no service was obtained on ABC, *nor* did it make an appearance in the district court, ABC never became a party." (emphasis added)); *Fed. Sav.*, 894 F.2d at 1473 ("The status of all remaining defendants as unserved *and* nonappearing is dispositive of this issue. They are not parties." (emphasis added)); *Ramirez v. Isgur*, 544 F. App'x 532, 533 n.1 (5th Cir. 2013) ("Heriberto Medrano does not appear to have been served *and* never made an appearance. . . .  We thus conclude that the September 19 orders were final for purposes of appeal." (emphasis added)); *see also Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847 (10th Cir. 1986); *Leonhard v. United States*, 633 F.2d 599, 608–09 (2d Cir. 1980)).  Accordingly, although Atkinson has never appeared in this litigation, if he has been served, this court would lack jurisdiction under §1291.

No. 15-30775

It is unclear from the record before us whether Atkinson was ever served. The Charleses submitted a number of documents as evidence that Atkinson was properly served, and in their briefing to this court, they insist that Atkinson was served under the Louisiana long-arm statute. But while the district court docket indicates that four Proof of Service forms were "Returned Executed" on June 11, 2015, the docket also notes that a new summons was issued for Atkinson on July 15, 2015. Finally, while the district court's opinion granting summary judgment stated that "the Charleses have yet to locate Atkinson so that they can serve him," in its order on the motion for reconsideration, it stated "[t]he claims against Atkinson remain and a pretrial conference will be set accordingly."

In light of the confusion in the record, we REMAND this case to the district court for the limited purpose of determining whether Atkinson has been served and entering an order stating its findings and conclusions as to service. The case should then be returned to this panel for determination.

LIMITED REMAND.