# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 22, 2021
Lyle W. Cayce
Clerk

No. 20-10528

GuideOne Insurance Company,

*Plaintiff—Appellee*,

*versus*

First United Methodist Church of Hereford,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-140

Before Wiener, Dennis, and Duncan, *Circuit Judges*.

Per Curiam:*

This case arises from an insurance dispute between First United Methodist Church ("First United") and its insurer, GuideOne Insurance Company ("GuideOne"). First United made a claim under its property insurance policy for damage the church sustained during a hailstorm, and, deeming GuideOne's payment on the claim inadequate, invoked a dispute

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10528

resolution procedure in the policy (the "Appraisal Provision"). Relying on the Appraisal Provision, a Texas state court appointed an "umpire" to settle any disagreement that arose between appraisers appointed by the parties.

The umpire awarded a significant additional payment to First United, and GuideOne filed suit in federal district court seeking a declaration that the appraisal award was not issued in substantial compliance with the policy, an order striking the umpire, and an order setting aside the appraisal award. First United then counterclaimed, asserting a range of state common-law and statutory causes of action against GuideOne, including breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Prompt Payment of Claims Act, unfair insurance practices, negligent misrepresentation, fraud, and civil conspiracy.

The parties filed cross-motions for summary judgment on only GuideOne's claims for equitable relief, and the district court granted GuideOne's motion and denied First United's, determining that First United had failed to provide GuideOne with a sworn proof of loss that was a prerequisite for invoking the Appraisal Provision. The district court then entered judgment, but the court does not appear to have ever disposed of any of First United's counterclaims against GuideOne.

"This court must examine the basis of its jurisdiction, on its own motion if necessary." *Charles v. Atkinson*, 826 F.3d 841, 842 (5th Cir. 2016). The parties cite 28 U.S.C. § 1291 as the source of our appellate jurisdiction over the present case. However, that statute grants us jurisdiction over only appeals from "final decisions of the district court[]." 28 U.S.C. § 1291. "A final decision requires the district court to either dispose of all parties and all claims or otherwise expressly permit an appeal under Federal Rule of Civil Procedure 54(b)." *Atkinson*, 826 F.3d at 842. Thus, absent an express Rule

54(b) order, "in a suit against multiple defendants, there is no final decision as to one defendant until there is a final decision as to all defendants." *Williams v. Seidenbach*, 958 F.3d 341 (5th Cir. 2020) (en banc).

Although the district court in this case ostensibly entered final judgment, it did so without resolving First United's counterclaims against GuideOne or expressly ordering a partial final judgment under Rule 54(b). Without a Rule 54(b) order, "any order or other decision, *however designated*, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." FED. R. CIV. P. 54(b) (emphasis added). There accordingly is no final judgment in this case, and 28 U.S.C. § 1291 does not grant us the authority to adjudicate this appeal.

Seeing no alternative source of adjudicatory authority, we DISMISS the appeal for want of jurisdiction.