**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2011

No. 10–10317

Lyle W. Cayce
Clerk

JACK BELL,

Plaintiff–Appellant

v.

DALLAS COUNTY,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-1834

Before GARZA, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In this Family Medical Leave Act ("FMLA") lawsuit, Plaintiff-Appellant Jack Bell ("Bell") appeals the district court's order granting summary judgment to Bell's former employer, Defendant-Appellee Dallas County ("County"). Bell argues that the district court erred by denying his summary judgment motion and by concluding that the County had not interfered with his FMLA rights and had not retaliated against him. For the reasons discussed below, we AFFIRM the district court's summary judgment orders as to Bell's retaliation claim. We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10317

VACATE that court's orders in so far as they pertain to a claim of interference and REMAND for further consideration.

## I

The Dallas County Department of Health and Human Services ("County") hired Bell as a disease intervention specialist. Bell suffered from allergic rhinitis and ceruminosis (excessive earwax secretions) and before Bell became eligible for FMLA leave, he was often absent from work due to illness.[1] Bell's absences became frequent and his supervisors repeatedly warned him that these absences were excessive. Once Bell became eligible for FMLA leave, the County granted Bell 480 hours of intermittent FMLA leave. As permitted under the FMLA, the County required Bell to use all of his sick and annual leave before he could use his intermittent FMLA leave. *See* 29 C.F.R. § 825.207 (2010).

As Bell's tenure continued, he frequently called in sick and missed numerous days of work. This prompted County officials to warn Bell that the County would revoke his intermittent FMLA leave status and place him on full-time FMLA leave unless his physician approved his return to work on a full-time basis. Bell's physician authorized his to return to work, but shortly thereafter, Bell was absent for four days. The next month, Bell was absent for thirteen days. The County classified the thirteen absences as FMLA leave and, at the end of that month, the County informed Bell that it had placed him on full-time FMLA leave. Bell responded in a letter, stating that he had not requested to use his FMLA leave and that he had no "need to exhaust" his FMLA leave "at this time." The County wrote back, stating that because Bell "had indicated he did not need" to use his FMLA leave, all future absences would be unexcused and would result in disciplinary action. Bell returned to his job after this exchange,

---

[1] An employee is eligible for the protections offered under the FMLA if they have been employed with the employer for at least twelve months and have worked for at least 1,250 hours of service during the previous twelve-month period. 29 U.S.C. § 2611(2)(A).

No. 10-10317

but two weeks later, in late April, Bell missed five workdays.  After these absences, the County terminated Bell for violating the official attendance policy.[2] Bell sued the County, alleging that his employer had violated the FMLA and the Americans with Disabilities Act ("ADA").  Bell moved for summary judgment and the district court denied the motion.  Subsequently, the County moved for summary judgment, arguing that Bell's FMLA retaliation claim failed as a matter of law.  In response, Bell voluntarily requested dismissal of his ADA claim and argued that his Complaint asserted two claims under the FMLA: One alleged retaliation and the other alleged interference with Bell's FMLA rights. The district court issued an opinion in which the court only discussed Bell's retaliation claim and granted summary judgment to the County on all "claims." The opinion did not address whether Bell's Complaint properly asserted an interference claim.  Bell appealed, arguing that the district court had erred by granting summary judgment to the County and by denying Bell's earlier motion for summary judgment.[3]

## II

Bell's appeal presents two issues.  First, we must determine whether the district court erred by concluding that as a matter of law, the County did not retaliate against Bell for his use of FMLA leave.  Second, we must consider whether Bell's Complaint alleged a FMLA interference claim.

We review the district court's grant of summary judgment de novo, and we will affirm if the record demonstrates that no genuine issues of material fact

---

[2] The County's attendance policy considers an employee's absences excessive if the employee is absent from work for more than six days "or a total of 48 hours during a 12-month period and" the absences are "frequently unplanned or indicate a pattern," or negatively impact office productivity or the quality of services offered.

[3] Bell also alleged that the district court erred by failing to address his evidentiary objection.  Bell waived this argument, however, because his brief does not properly present the argument and the brief fails to identify a standard of review for this issue.  *See* FED. R. APP. P. 28(a)(5), (a)(9)(B).

exist. *Richardson v. Monitronics Int'l., Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). Under a de novo standard, we consider evidence "in the light most favorable to the non-movant." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). The party moving for summary judgment bears the burden of proffering evidence that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986). If this burden is met, the respondent must identify evidence that demonstrates a trial is appropriate because a genuine issue of fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).

The Family Medical Leave Act of 1993, 29 U.S.C. § 2601, et al., permits individuals who work for covered employers to take temporary leave for a "serious health condition," 29 U.S.C. § 2612, which includes illnesses that involve "continuing treatment by a health care provider." 29 U.S.C. § 2611. Section 2615(a)(2) prohibits discrimination or retaliation against an employee for exercising their rights under the FMLA. *Hunt v. Rapides Healthcare Sys., L.L.C.*, 277 F.3d 757, 763 (5th Cir. 2001). When direct evidence of retaliation is unavailable, a plaintiff may establish a *prima facie* case under a modified *McDonnell-Douglas* approach by proving that: (1) the plaintiff engaged in protected activity; (2) the plaintiff suffered an adverse employment decision; and, (3) he was treated less favorably than an employee who had not requested FMLA leave; or, (4) the adverse decision was due to the plaintiff's use of FMLA leave. *Hunt*, 277 F.3d at 768. To demonstrate a causal link between the protected activity and termination, a plaintiff must show only that "the protected activity and the adverse employment action are not completely unrelated." *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 583 (5th Cir. 2006). If the plaintiff does this, the burden shifts to the employer to demonstrate a legitimate reason for the employee's discharge. *Richardson,* 434 F.3d at 332. If the employer demonstrates a legitimate reason for termination, the burden shifts

No. 10-10317

back to the employee to show "by a preponderance of the evidence that the employer's articulated reason is a pretext for discrimination." *Id*. at 332–33.

Bell contends that the district court erred by concluding that his retaliation claim failed as a matter of law. The County argues that Bell was fired because his non-FMLA related absences violated the County's attendance policy. Bell rebuts this by raising three arguments as to how the County retaliated against him and violated § 2615(a)(2). But, a review of the record demonstrates that there are no questions of material fact as to whether the County retaliated against Bell for his use of FMLA leave.

Initially, the County granted Bell intermittent FMLA leave, which meant he could use the leave for unplanned absences or scheduled leave. For several weeks, Bell was absent on an intermittent basis, missing a few days of work each month. After Bell was absent for thirteen days in one month, the County informed Bell that it had placed him on full-time FMLA leave until his physician authorized his return to work or he exhausted his leave. Bell answered by stating that he was well enough to be at work and that he did not "need to exhaust" his FMLA entitlements "at this time." The County responded with a letter, which stated that because Bell did not "need" to use his FMLA leave, any future absence would be unexcused and would result in disciplinary action. Shortly after this warning, Bell called in sick for five days in a row.[4] These absences prompted the County to examine Bell's attendance record during the past year and from this record, the County determined that Bell's non-FMLA absences had exceeded 102 hours, which was excessive and violated the County's leave policy.[5]

---

[4] The County asserts that for at least one of these five absences, Bell "did not timely and properly notify his immediate supervisor of his absence."

[5] It appears that the County's leave calculation included Bell's final five absences, which Bell argues were covered by the FMLA. But even if one does not count these five

No. 10-10317

The County did not fire Bell because he sought to use his FMLA leave or because Bell opposed "an unlawful procedure" under the FMLA. *Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 885 (7th Cir. 2005). Rather, the County fired Bell because his non-FMLA absences were excessive and the absences had negatively impacted the office's productivity. Under the County's attendance policy these reasons are grounds for termination. Contrary to Bell's assertion, the evidence demonstrates that the County terminated Bell for violating the attendance policy, not because he used his FMLA leave. Furthermore, Bell offers no evidence that disputes the County's well-documented reasons for terminating Bell. Bell cannot establish a prima facie case of retaliation under the FMLA and the district court did not err by granting summary judgment in favor of the County.

### III

Bell also appeals the district court's denial of his motion for summary judgment on his interference claim along with that court's order granting summary judgment to the County and dismissing all of Bell's "claims."

Under § 2615(a)(1), an employer is prohibited from interfering with or restraining an employee from exercising, or attempting to exercise, their FMLA rights. The term "interference with" includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b) (2010); *see Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050–51 (8th Cir. 2006). With an interference claim, an employee must show that he was denied his entitlements under the FMLA, or, that an employer did not respect the employee's FMLA entitlements. *See Kauffman*, 426 F.3d at 884.

In his brief, Bell presents a number of arguments as to why the district court erred by dismissing this claim and by denying his request for summary

---

contested absences, the amount of time Bell missed from work still qualifies as "excessive" under the County's attendance policy.

judgment.  Bell alleges several instances occurred when the County erroneously classified an absence as FMLA-related, involuntarily placed him on FMLA leave, or classified FMLA-related absences as unexcused.  Bell argues that these acts constitute interference under § 2615(a)(1).  The district court did not squarely rule on this issue, making review difficult.

In his motion for summary judgment, Bell argued that the County had interfered with his right to use FMLA leave.  The County responded by arguing that Bell's Complaint had failed to properly raise an interference claim.[6]  The district court's one-sentence order did not address either argument. Subsequently, when the County moved for summary judgment, it asked the district court to dismiss Bell's action "in its entirety."  But the County's accompanying memorandum only addressed Bell's retaliation claim.  Bell's response asserted that the County had retaliated against him as well as interfered with his FMLA rights.  The County responded by arguing that Bell's Complaint did not properly raise an interference claim and that if the district court held otherwise, Bell's interference claim also failed as a matter of law.  The district court's opinion discussed the retaliation claim, but the opinion failed to address whether Bell's Complaint had raised a valid interference claim.  Despite this omission, the opinion and order granted summary judgment on "all claims" and dismissed the action with prejudice.  The accompanying judgment also dismissed Bell's "claims" with prejudice.

Under FED. R. CIV. P. 52(a)(3), a district court is not required to state factual findings or legal conclusions when ruling on a summary judgment motion.  *See Wildbur v. Arco Chem. Co.*, 974 F.2d 631, 644 (5th Cir. 1992).  But, a district court must explain its reasoning for granting summary judgment in enough detail for us to analyze whether that court applied the correct legal

---

[6] The County's memorandum did, however, request leave from the district court to address this issue if that court determined Bell's Complaint properly raised the claim.

standard.  *Id*.; *see also Myers v. Gulf Oil Corp.*, 731 F.2d 281, 283–84 (5th Cir. 1984).  "When we have no notion of the basis for a district court's decision, because its reasoning is vague or was simply left unsaid, there is little opportunity for effective review."  *Myers*, 731 F.2d at 284; *see also White v. Tex. Am. Bank/Galleria, N.A.*, 958 F.2d 80, 82 (5th Cir. 1992).  In this case, such a statement is "not only helpful, but essential" because the parties have put forth such divergent arguments about the interference claim.  *Jot-Em-Down Store (JEDS) Inc. v. Cotter & Co.*, 651 F.2d 245, 247 (5th Cir. Unit A July 1981).  Without any indication of the basis of the district court's order "we cannot adequately review its decision." *Myers*, 731 F.2d at 284. We remand this issue for further consideration as to whether Bell's Complaint raised an interference claim under the FMLA.

## IV

Accordingly, we AFFIRM the district court's summary judgment orders as to Bell's retaliation claim.  We VACATE the district court's summary judgment orders in so far as they pertain to a FMLA interference claim and we REMAND the case for further findings and conclusions consistent with this opinion.