# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2012

No. 11-11181

Lyle W. Cayce
Clerk

JACK BELL,

Plaintiff–Appellant

v.

DALLAS COUNTY,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
(08-CV-1834)

Before STEWART, Chief Judge, and DeMOSS and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Jack Bell sued Dallas County for retaliation and interfering with his rights pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654 (2006).  On March 25, 2010, the district court denied Bell's motion for summary judgment and granted the County's motion for summary judgment, concluding that the County had not interfered with Bell's rights pursuant to the FMLA and had not retaliated against him.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This civil action has previously been before this court. *Bell v. Dallas Co.*, 432 F. App'x 330 (5th Cir. 2011). On the first appeal, we affirmed the district court's rejection of Bell's retaliation claim but remanded for further consideration of his FMLA interference claim. On remand, the district court revisited Bell's interference claim. It filed its memorandum opinion and order on August 30, 2011, concluding that: (1) Bell had not pleaded an FMLA interference claim, and (2) even if Bell had pleaded such a claim, it failed as a matter of law because there was no evidence that the County had denied him benefits to which he was entitled pursuant to the FMLA. Again, Bell appealed, restating his argument for his FMLA interference claim and also claiming that the district court erred in denying his motion for leave to amend his complaint after it issued its August 30, 2011 memorandum opinion and order.

We have reviewed the record on appeal and have considered the law and facts as reflected therein and in the briefs of the parties. We are satisfied with the district court's reasoning in its August 30, 2011 memorandum opinion and order, and therefore affirm.

We briefly address Bell's claim that the district court erred in denying his motion for leave to amend his complaint, which he asserted as part of his Rule 59(e) motion to alter or amend the judgment. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, this generous standard is "tempered by the necessary power of a district court to manage a case." *Schiller v. Alpert Grp.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). We review the district court's denial of Bell's Rule 59(e) motion for abuse of discretion, in light of the limited discretion of Rule 15(a). *Id.* (citation omitted).

In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, and futility of the amendment. *Id.*

Here, the prominent factors are undue delay and the futility of any amendment. The County first raised the issue of the deficiency in Bell's complaint on June 1, 2009—nine months after Bell had filed his original complaint. Bell simply disagreed, and did not amend his complaint. On October 8, 2009, the County filed its reply in support of its motion for summary judgment, and raised the deficiency issue again. Over two years passed between the time the County first highlighted the complaint's deficiency and the point at which Bell requested leave to amend, with two decisions issued by the district court and one issued by this court in between. "[A]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller*, 342 F.3d at 567 (citation omitted) (internal quotation marks omitted).

Furthermore, even if the district court had granted Bell's motion to amend, the amendment would have been futile for the reasons elaborated in the district court's August 30, 2011 memorandum opinion and order. Therefore, the district court did not abuse its discretion in denying Bell's post-judgment motion for leave to amend.

AFFIRMED.