# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30894
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2014

Lyle W. Cayce
Clerk

MICHAEL HOWARD NALLS,

Plaintiff – Appellant

v.

ANNETTE LASALLE; ASHLEY BREAUX,

Defendants – Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-103

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM*

Michael Nalls appeals the district court's grant of a motion to dismiss his claims against Judge Annette LaSalle, a judge on the East Baton Rouge Family Court, and Ashley Breaux, an employee of the Louisiana Department of Social Services. For the following reasons, we AFFIRM the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

No. 13-30894

## FACTS AND PROCEEDINGS

On July 19, 2012, Judge LaSalle of the East Baton Rouge Family Court held Michael Nalls in direct contempt for his alleged failure to appear in Juvenile Court six times over the prior five years[1] and sentenced him to 90 days of confinement.[2]  Since 2006, Nalls had fallen under the jurisdiction of the East Baton Rouge Parish Juvenile Court for child support payments.

Nalls sued Judge LaSalle and Breaux in the Middle District of Louisiana.  He alleged that LaSalle acted outside of her powers as a judge when holding him in contempt and deprived him of his right to due process. LaSalle filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing prescription and judicial immunity. The district court granted the motion as to Judge LaSalle on June 6, 2013, holding that she was entitled to judicial immunity.  The district court denied a subsequent motion to amend and motion for reconsideration on July 22, 2013.

Nalls alleged that Breaux, the case worker assigned to him, attempted to get him to sign a face-down piece of paper when he went to her office to inquire about getting a hold lifted on his driver's license.  He refused to sign the document without having an attorney present.  The paper was a notice for him to appear in court on May 17, 2012, which Nalls did not do.  He was subsequently arrested and a hearing was held.  Importantly, at the hearing,

---

[1] The six dates missed were March 13, 2007, September 16, 2008, August 23, 2010, October 20, 2011, January 26, 2012, and May 17, 2012 (although the court expressly noted it would not consider the May 17 date).

[2] The court sentenced Nalls to 90 days for each of the six counts, to be served consecutively, but suspended all but 90 days with the condition that Nalls would pay a $150 fine.

No. 13-30894

the family court clarified that the contempt ruling did not take into account Nalls's failure to appear on May 17.[3]

Nalls filed suit against Breaux in her individual capacity on March 8, 2013, alleging state and federal claims including a deprivation of his right of due process, violation of his right to be free from cruel and unusual punishment, violation of his right against illegal seizure, violation of his civil rights, conspiracy to violate civil rights, false arrest and imprisonment, and fraud.  Breaux argued prescription, that Nalls had failed to state any cognizable federal or state claims, and that she was entitled to qualified immunity.  The district court granted Breaux's motion on August 1, 2013. The court denied Nalls's subsequent motion to amend and motion for reconsideration on September 5, 2013.  Nalls appeals the dismissals.

## STANDARD OF REVIEW

A district court's ruling on a motion to dismiss for failure to state a claim is reviewed de novo.  *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 721 (5th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678.

---

[3] The court stated:

Okay, here's the deal. I do not believe that you can validly not sign a notice and claim that that is not a notice for a hearing. But to be really cautious, I'm really [sic] to set aside the constructive contempt and give you notice today for another date to come back for constructive contempt. But you have a much, much, much bigger problem, sir. You have missed court [and violated prior conditional suspensions of sentences for contempt].

3

No. 13-30894

We review a motion to alter or amend under Rule 59(e) for "abuse of discretion." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). "We review the district court's denial of a leave to amend for abuse of discretion." *Id.*

## DISCUSSION

(A)    Ruling on Judge LaSalle's Motion to Dismiss

"Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (finding "no question" that a state court judge had absolute immunity for imprisoning women on grounds of contempt because these were "judicial acts" even if "wholly motivated by personal malice").

> The four factors generally relied upon by this circuit in determining whether an act is 'judicial' . . . are: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.*

Furthermore, "[w]here a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Id*. at 298. "Besides protecting the finality of judgments or discouraging inappropriate collateral attacks, . . . judicial immunity also protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988).

There is "no question" that Judge LaSalle's finding of contempt was a judicial act. The power to hold disrespectful or repeatedly absent parties in contempt is a "normal judicial function." The act "occurred in the courtroom"

4

– the East Baton Rouge Parish Family Court. The "controversy centered around a case pending before the court" – Nalls's failures to appear for hearings concerning his child custody payments. The acts arose "directly out of" a visit to the judge "in her official capacity" – a hearing over which she was presiding. Just as in *Adams*, the contempt ruling was a judicial act and judicial immunity is therefore warranted.

(B)    Ruling on Ashley Breaux's Motion to Dismiss

The district court granted Breaux's Rule 12(b)(6) motion to dismiss for failure to state a claim. Nalls appeals. He argues that Breaux violated the Fourteenth, Fourth, Eighth, Fifth, and Sixth Amendments[4] as well as 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for somehow participating in the course of events that led to his arrest for contempt and all the unpleasant, personal consequences that flowed therefrom. He also argues that the district court erred by not granting his "motion for reconsideration," determined to be a Rule 59(e) motion. Because his pleadings amount to the kind of "naked assertion[s]" devoid of the requisite "factual enhancement" necessary to state a sufficient claim, we affirm the district court. *Iqbal*, 556 U.S. at 678.

In his pleadings, Nalls complained that Breaux turned a paper face-down and asked him to sign it on February 16, 2012, which he refused to do without someone else present. It is not clear from the face of the pleadings which civil right Nalls contends Breaux violated by doing this. He never specifically alleges in his pleadings that Breaux kept him from knowing the date he needed to be in court, even if Nalls refused to look at the paper.

---

[4] Nalls raises his Fifth and Sixth Amendment claims for the first time on appeal and they will not be considered. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (internal quotation marks omitted).

No. 13-30894

When questioned by the family court on the matter, he stated that he failed to sign the notice not because he did not know that it was a summons to appear but because he did not "trust the people down there."

Most importantly, Nalls does not sufficiently plead how the action of Breaux, in placing the sheet of paper face down, had any impact on the decision of Judge LaSalle to find him in contempt of court and therefore deprive him of his liberty. The court transcript repeatedly establishes that the court, "to be really cautious," did not even factor his failure to show on that day in the determination of contempt. Thus, Nalls does not and cannot plead that the actions of Breaux had anything to do with his being sent to jail for contempt.

This fact fatally undermines every claim Nalls brings against Breaux. No Eighth Amendment cruel or unusual punishment has been identified that can be attributed to the actions of Breaux. His procedural and substantive due process claims suffer from the same disconnect between the interest affected and the alleged actions of Breaux. His Section 1983 and 1985 claims again require a deprivation of some right that Nalls cannot identify as far as Breaux is concerned. Finally, Nalls's contention of "illegal seizure" under the Fourth Amendment fails because his prior unwillingness to appear in court provided probable cause to support the bench warrant, a warrant that was issued by a judge, not Breaux.

(C) Rulings on the "Motion for Reconsideration" and Leave to Amend

Nalls's "motion for reconsideration," which we analyze as a Rule 59(e) motion, consisted only of a rehashing of his prior arguments, and the district court did not abuse its discretion in denying it. Likewise, the district court's denial of his motion to amend was well within the district court's discretion based on its finding that Nalls's proposed amended complaint did not raise any new arguments or allegations.

6

No. 13-30894

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court.