**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2020

Lyle W. Cayce
Clerk

No. 20-10046
Summary Calendar

VICKI BATES,

      Plaintiff - Appellant

v.

MONARCH DENTAL SERVICES,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC Case No. 3:19-CV-253

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Vicki Bates filed suit against Monarch Dental Services ("Monarch") in state court on April 28, 2017 based on the prosthodontic treatment she received from Monarch. The state court granted summary judgment in favor of Monarch and dismissed Bates's case with prejudice. On January 31, 2019, Bates filed the instant suit against Monarch in federal court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seeking a declaratory judgment based on the Magnuson-Moss Warranty Act ("MMWA"), alleging that Monarch breached an implied warranty under Texas state law. Monarch filed a motion to dismiss on March 7, 2019, arguing that (1) Bates's claims were barred by res judicata, (2) she failed to state a claim pursuant to the MMWA, and (3) any pendent state law claim under the Texas Deceptive Trade Practices Act was barred by the statute of limitations. Bates filed a timely response to Monarch's motion to dismiss on March 28, 2019, but she did not contest each ground upon which Monarch sought dismissal; Bates addressed only the res judicata issue. She "concede[d] that this case meets the classic requirements for issue or claims preclusion under prevailing Texas law," but argued an exception applied. Monarch filed a timely reply to Bates's response on April 10.

Nearly five months later, on September 6, 2019, Bates filed an untimely "Supplemental Response to Motion to Dismiss," where she raised many additional arguments and issues that she conceded "were not given adequate attention, or attention at all, in the original Response to Motion to Dismiss." Three days later, Bates filed an "Amended Supplemental Response to Motion to Dismiss." Bates never requested (1) leave or permission to file the untimely documents, (2) leave to amend her original timely response to Monarch's motion to dismiss, or (3) leave to amend her complaint. The court struck both documents via electronic order. Bates never requested reconsideration of the district court's order striking her pleadings.

The district court granted Monarch's motion to dismiss based on res judicata, finding that the exception to the doctrine advocated by Bates did not apply. Bates filed a motion to alter or amend the judgment pursuant to Rule 59, presenting the same arguments she raised in her stricken supplemental responses. The district court denied Bates's motion.

No. 20-10046

On appeal, Bates argues that the district court erred in denying her motion to alter or amend and in dismissing her case based on res judicata. She also presses the same arguments she attempted to raise in the district court in her stricken supplemental responses.

Bates never argued in the district court—and she does not argue on appeal—that the district court erred in striking her untimely filings that contained several arguments the district court did not consider. In fact, the only mention that the filings were stricken appears in a footnote, where Bates concedes that she filed the supplemental responses after the due date and without leave of court. She appears to argue that the district court "would have likely . . . granted" leave to file these untimely documents had she requested it. It is well settled that "[a]n argument not raised before the district court cannot be asserted for the first time on appeal." *Wilcox v. Wild Well Control, Inc.*, 794 F.3d 531, 539 (5th Cir. 2015), *as revised* (Aug. 11, 2015). As for its denial of Bates's motion to alter or amend, the district court correctly explained that a motion to alter or amend under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued," *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003), and that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

In sum, Bates's arguments on appeal fall into two categories: (1) arguments raised for the first time on appeal, and (2) arguments previously raised and properly disposed of by the district court. We do not consider evidence or arguments that were not presented to the district court, and as for the arguments raised below, Bates raises no arguments or evidence to support a finding of judicial error to justify reversal of the district court. Therefore,

No. 20-10046

after a review of the record and the parties' briefs, we affirm the district court's grant of Monarch's motion to dismiss for essentially the reasons as well-stated in its memorandum opinion and order.

AFFIRMED.