# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2023

Lyle W. Cayce
Clerk

————————

No. 22-10235

————————

Ralph S. Janvey, *in his Capacity as Court-Appointed Receiver for* The Stanford International Bank Limited, *et al.*,

*Plaintiff—Appellee*,

*versus*

GMAG, L.L.C.; Magness Securities, L.L.C.; Gary D. Magness; Mango Five Family Incorporated, *in its Capacity as Trustee for* The Gary D. Magness Irrevocable Trust,

*Defendants—Appellants*,

consolidated with

————————

No. 22-10429

————————

Securities and Exchange Commission, *et al.*,

*Plaintiffs*,

*versus*

GMAG, L.L.C.; Gary D. Magness Irrevocable Trust; Gary D. Magness; Magness Securities, L.L.C.,

*Defendants—Appellants*,

*versus*

Ralph S. Janvey,

*Appellee.*

_____

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 3:15-CV-401, 3:09-CV-298

_____

Before Stewart, Dennis, and Southwick, *Circuit Judges*.
Leslie H. Southwick, *Circuit Judge*:

In 2009, Stanford International Bank was exposed as a Ponzi scheme and placed into receivership. Since then, the Receiver has been recovering Stanford's assets and distributing them to victims of the scheme. To that end, the Receiver sued Gary Magness, a Stanford investor, to recover funds for the Receivership estate. The district court entered judgment against Magness. Magness now seeks to exercise setoff rights against that judgment. Because Magness did not timely raise those setoff rights, they have been forfeited. AFFIRMED.

## FACTUAL AND PROCEDURAL BACKGROUND

This case stems from the collapse of the Stanford International Bank ("SIB"), which has been the subject of several appeals before this court.[1] We summarize the facts as relevant to this appeal.

_____

[1] *Janvey v. Brown*, 767 F.3d 430 (5th Cir. 2014); *Janvey v. GMAG, L.L.C.*, 913 F.3d 452 (5th Cir. 2019), *vacated & superseded by* 925 F.3d 229 (5th Cir. 2019); *Janvey v. GMAG, L.L.C.*, 977 F.3d 422 (5th Cir. 2020); *Janvey v. GMAG, L.L.C.*, No. 21-10483 c/w 21-10882, 2022 WL 4102067 (5th Cir. Sept. 7, 2022).

No. 22-10235
c/w No. 22-10429

In 2009, the Securities and Exchange Commission ("SEC") exposed the fraudulent operations of SIB. *Janvey v. GMAG, L.L.C.,* 977 F.3d 422, 425 (5th Cir. 2020). For nearly two decades, SIB had issued fraudulent certificates of deposit, or CDs, that paid above-market interest rates. *Id.* The payments, though, were derived from new investors' funds. *Id.* The scheme ultimately left thousands of investors with $7 billion in losses. *Id.*

Defendants-Appellants are Gary D. Magness and several entities in which he maintains his wealth. We will refer to all as "Magness."

Between December 2004 and October 2006, Magness purchased $79 million in CDs issued by SIB. *Id.* After reports that the SEC was investigating SIB, Magness sought to redeem his investments. *Id.* SIB informed Magness that redemptions were not possible but agreed to loan Magness money instead. *Id.* In October 2008, through a series of loans, Magness received $88.2 million in cash from SIB. *Id.*

In 2009, in a proceeding brought by the SEC, the U.S. District Court for the Northern District of Texas appointed Plaintiff-Appellant Ralph S. Janvey as Receiver to recover SIB's assets and distribute them to victims. *Id.* The district court later entered a stay order. That order, amended in 2010, restrains creditors from bringing "any judicial . . . proceeding against the Receiver" and from "[t]he set off of any debt owed by the Receivership Estate."

In 2012, the district court established a claims process allowing creditors to file claims against the Receivership and to participate in distributions. Magness filed three proofs of claim. Those claims remain pending.

The Receiver has brought suits to recover assets for the Receivership estate. In a separate case also in the Northern District of Texas, the Receiver sued Magness, alleging the loans he received from SIB were fraudulent

3

transfers and seeking return of those funds. Magness agreed that the payments were fraudulent but argued that they were taken in good faith under Texas law.

The case proceeded to trial. Because Magness had returned to the Receiver the amount he was loaned in excess of his original investment, the only issue presented to the jury was whether Magness was acting in good faith when he received $79 million in loans from SIB. We will explain the trial in more detail below. For now, we highlight that the pretrial order did not identify a setoff defense, and the parties stipulated that setoff would not be presented at trial.

After trial, the district court entered judgment in Magness's favor, finding he had received the funds in good faith. *Id.* at 426. Since Magness had no obligation to disgorge funds, setoff was not an issue. We certified to the Supreme Court of Texas the question of whether good faith was a defense in these circumstances; the answer was "no." *Id.*; *Janvey v. GMAG, L.L.C.*, 592 S.W.3d 125, 133 (Tex. 2019). In October 2020, we reversed and rendered judgment for the Receiver as to Magness's liability. *Janvey*, 977 F.3d at 431.

Following our decision, the Receiver moved in district court for entry of final judgment. Magness opposed, but his opposition did not include any reference to a setoff defense. On April 9, 2021, the district court entered final judgment for $79 million, prejudgment interest, and costs.

On May 6, 2021, Magness moved in district court for a stay of the final judgment pending (1) his appeal of that final judgment to this court and (2) his seeking a writ of certiorari from the United States Supreme Court for review of this court's liability judgment. To obtain that relief, Magness agreed to deposit a cash *supersedeas* bond. As we detail further below, Magness represented that he would not oppose release of the cash to satisfy the final judgment when no further appeal was possible. On May 11, 2021,

No. 22-10235
c/w No. 22-10429

the district court granted the requested relief.  Magness then petitioned the Supreme Court for a writ of certiorari regarding this court's liability judgment.

On August 4, 2021, the district court entered final judgment on attorneys' fees.  In a consolidated appeal to this court, Magness challenged the district court's award of prejudgment interest, costs, and attorneys' fees.  Before our decision on the appeal, the Supreme Court on December 13, 2021, denied Magness's petition to review this court's liability judgment.  We later affirmed the district court's award.  *Janvey v. GMAG, L.L.C.*, No. 21-10483 c/w 21-10882, 2022 WL 4102067 (5th Cir. Sept. 7, 2022).

After our decision, the Receiver moved in district court to release funds from the court registry for the $79 million, plus post-judgment interest.  Despite his prior representation that he would not oppose the release of funds, Magness moved for leave to file a complaint in the proceedings the Receiver had initiated against him, *i.e.*, *Janvey v. GMAG*, 22-10325.  Magness's proposed complaint asserted that the final judgment was subject to setoff rights that had never been adjudicated.  Magness asserted that the district court should first resolve his setoff claim before releasing any funds.  In what we will call the "Initial Setoff Order," the district court denied Magness's motion for leave and granted the Receiver's motion to release funds.

In the main SEC Receivership proceeding, Magness filed a second, nearly identical motion for leave to file his proposed complaint.[2]  In what we will call the "Second Setoff Order," the district court also denied leave.

---

[2] Magness notes that his initial leave was filed in *Janvey v. GMAG*, 22-10235, because it was in that proceeding that judgment was entered and the Receiver had sought to release the *supersedeas* bond.   Magness then moved for identical leave in the SEC

No. 22-10235
c/w No. 22-10429

Magness appealed both the Initial Setoff Order and the Second Setoff Order. This court consolidated the appeals.

## DISCUSSION

Magness seeks relief from the district court's stay order, which restrains creditors from seeking setoffs. "We review the district court's actions pursuant to the injunction it issued for an abuse of discretion." *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008). A district court's actions in supervising an equity receivership, and its denials of leave, are likewise reviewed for abuse of discretion. *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 373 (5th Cir. 1982); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

The Receiver asserts that Magness has waived any setoff defense. We address that argument first, and last.

"[F]orfeiture is the failure to make the timely assertion of a right." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (quotation marks and citation omitted). "A party forfeits an argument by failing to raise it in the first instance in the district court." *Id.* Waiver, a related concept, "is the intentional relinquishment or abandonment of a known right." *Id.* (quotation marks and citations omitted).

The Receiver contends that Magness waived his setoff defense because it was not included in the pretrial order in the *Janvey v. GMAG* proceeding. A pretrial order supersedes all pleadings. *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998). "Once [a] pretrial order is entered, it controls the scope and course of the trial. If a claim or issue is

─────────────────────────────

proceeding because that is where the stay order, which bars adjudication of setoff rights, was entered.

6

omitted from the order, it is waived." *Valley Ranch Dev. Co., v. F.D.I.C.*, 960 F.2d 550, 554 (5th Cir. 1992) (quotation marks, citations, and alterations omitted).

Here, Magness initially raised a setoff defense in his answer to the Receiver's complaint. The Receiver moved *in limine* to exclude any setoff defenses before trial, arguing that any reference to setoff would be "unfairly prejudicial" and "an attempt to sidestep the claims process."

Later, in a joint stipulation, the parties "agree[d] that during the trial of this matter," they would "not present . . . any reference to the Magness Parties' affirmative defenses of . . . setoff/offset." The district court also entered a pretrial order, which made no mention of any setoff defense, even in sections of the order that listed contested issues of law.

The Receiver argues that the failure to include the setoff defense in the pretrial order constituted a waiver of that right. Magness responds that the omission is not fatal because the setoff defense was not for the jury. The pretrial order, though, listed several contested issues of law that were not for the jury. Further, we have held that even issues of law should be included in the pretrial order or else they are waived. *See Elvis Presley Enters., Inc.*, 141 F.3d at 206 (concluding that plaintiff waived right to attorneys' fees under the Texas Property Code because plaintiff "never reference[d]" the relevant Texas statute in the pretrial order).

On the other hand, the parties' joint stipulation provided only that setoff would not be presented "during [] trial." Should that be interpreted as reserving the issue until its relevance post-trial became clear? There certainly was no explicit statement that Magness was abandoning the issue of a possible setoff. We will not create law that the facts of this case do, or do not, knowingly waive the setoff defense. That is because we conclude that,

later, Magness did either intentionally waive or unintentionally forfeit the defense. We will use forfeiture as the concept.

As we mentioned earlier, in 2020, after receiving the answer to our certified question, we held that Magness was liable to the Receiver for $79 million and related amounts. *See Janvey*, 977 F.3d at 431. Back in district court, the Receiver moved for entry of final judgment. Magness opposed entry of final judgment. His opposition, however, did not include any reference to a setoff defense. In April 2021, the district court entered final judgment.

Forfeiture occurred then. If Magness sought to raise a setoff defense, he should have done so before the district court entered final judgment. Indeed, there was no barrier to raising a setoff defense prior to the district court's final judgment. Magness failed "to make the timely assertion of a right" and therefore forfeited any setoff defense. *See Rollins*, 8 F.4th at 397 (quotation marks and citation omitted).

Magness responds that his setoff rights only arose after the Supreme Court denied his petition to review this court's liability judgment in December 2021, well after the district court's entry of final judgment in April 2021. As the Receiver states, however, Magness's setoff defense did not suddenly spring from the Supreme Court's denial of certiorari. That setoff defense was viable after this court's 2020 decision and the case had returned to district court, but Magness did not then assert it.[3] Magness does not direct

---

[3] Had Magness raised setoff, and the district court allowed or refused the setoff, the aggrieved party could have appealed to this court. Magness did appeal the district court's award of prejudgment interest, costs, and attorneys' fees. *See Janvey*, 2022 WL 4102067.

No. 22-10235
c/w No. 22-10429

us to authority supporting that he was entitled to wait until the Supreme Court denied certiorari before raising his defense.

Moreover, in May 2021, when Magness moved for a stay of the district court's final judgment, he represented that, should the Supreme Court deny certiorari, he would "not oppose a motion by the Receiver to release" funds. Yet, when the Supreme Court denied certiorari, Magness changed course and registered his opposition. Further, during his appeal to this court challenging the district court's award of prejudgment interest, costs, and attorneys' fees, Magness similarly represented that "this Court's mandate [in *Janvey v. GMAG, L.L.C.*, 977 F.3d 422 (5th Cir. 2020)] unquestionably required Magness to pay" the $79 million in fraudulent transfers. Magness later again changed course, pursuing this appeal to assert setoff rights and thereby reduce his obligations.

Because Magness failed to raise his setoff defense before the district court's entry of final judgment, he has forfeited that defense.

AFFIRMED.