# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2023

Lyle W. Cayce
Clerk

_____

No. 23-20028
Summary Calendar

_____

Alan Crotts,

*Plaintiff—Appellant*,

*versus*

Freedom Mortgage Corporation,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1447

_____

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Appellant Alan Crotts, proceeding pro se, appeals the district court's order denying his second motion to amend his pleading and its order granting summary judgement in favor of Appellee Freedom Mortgage Company ("FMC"). Crotts filed this lawsuit to enjoin the foreclosure of his home due to his failure to make mortgage payments. FMC filed a motion for summary

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20028

judgment arguing that there is no dispute that Crotts defaulted on his mortgage payments. Because the district court properly granted summary judgment to FMC and properly denied Crotts' motion for leave to file second amended complaint, we affirm the district court.

The standard of review on summary judgement is de novo. *Davidson v. Fairchild Controls Corp.* 882 F.3d 180, 184. (5th Cir. 2018). The court should grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Crotts did not dispute that he defaulted on his mortgage payments, but instead offered only baseless arguments in response to FMC's motion. Crotts first contested whether FMC is the true noteholder of his mortgage, yet the record reflects that FMC became the noteholder when it acquired the note from the original noteholder, Network Lending. Crotts also insisted that FMC should have emailed him a notice of default, yet FMC indisputably complied with Texas law when it sent him a notice of default and intent to accelerate via certified mail. *See* Tex. Prop. Code § 51.002(b)(3). The district court thus properly granted FMC's motion for summary judgement.

The district court's denial of Crotts' motion to amend is reviewed for abuse of discretion. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). "The district court [had] discretion to deny motions to amend if they are futile . . . an amended complaint is futile if it fails to state a claim upon which relief may be granted." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n,* 751 F.3d 368, 379 (5th Cir. 2014). Here, the district court did not abuse its discretion in denying Crotts' second motion to amend his complaint because the proposed amendments were futile.

No. 23-20028

Because the district court properly granted FMC's motion for summary judgment and properly denied Crotts' motion for leave to amend, we AFFIRM the district court's judgment.